Kaye, J.
(dissenting). Dismissal of plaintiff’s complaint in this instance leaves no one who can recover for alleged wrongdoing, and frees defendant from responsibility. Defendant performed the complained-of acts on a person in his care. Were the child born alive, a remedy would lie against defendant (see, Woods v Lancet, 303 NY 349). An arguably more grievous injury while the child is in útero, resulting in a stillbirth, should not go unredressed. Where the law declares that the stillborn child is not a person who can bring suit, then it must follow in the eyes of the law that any injury here was done to the mother. I would therefore reverse the order below, and reinstate the complaint.
Chief Judge Wachtler and Judges Simons and Alexander concur in memorandum; Judge Meyer concurs on constraint of Vaccaro v Squibb (52 NY2d 809); Judges Jasen and Kaye dissent and vote to reverse in separate dissenting opinions; Judge Titone taking no part.
Order affirmed, with costs.